**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KEM LAW FIRM**
Eric W. Kem, Esq. (300666)
ekem@kemlawfirm.com
3959 NW 27th Lane
Gainesville, FL 32606
Telephone: (352) 275-7151
Facsimile: (800) 865-5184

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Edward Dunagan

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DUNAGAN,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.; AND,**<br><br>II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts, and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. EDWARD DUNAGAN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the collection efforts of WELLS FARGO BANK, N.A. ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Moreover, the Telephone Consumer Protection Act ("TCPA") was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the plaintiff, or to the plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

9. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

///
///

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). In addition, this Court also has jurisdiction of Plaintiff's supplemental State claims pursuant to 28 U.S.C. § 1367.

12. This action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.; and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA").

13. Because Defendants conduct business within the State of California, personal jurisdiction is established.

14. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)-(c) because Defendant is headquartered in the City and County of San Francisco, California; Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the vents giving rise to the claims occurred in this District.

## PARTIES

15. Plaintiff is a natural person who resides in Apple Valley, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national bank with its principal place of business in San Francisco, California and State of Incorporation in the State of Delaware.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

17. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

21. Sometime prior to October 2014, Plaintiff allegedly incurred financial obligations to Defendant that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Plaintiff takes no position with regard to the validity of the alleged debt.

23. Subsequently, Defendant began contacting Plaintiff on Plaintiff's cellular telephone number ending in 1151, in an attempt to collect Plaintiff's alleged debt.

24. Defendant initiated these telephonic communications from the following telephone numbers, including, but not limited to: (800) 292-3451; (909) 796-4592; (909) 890-4592; and, (909) 786-4592.

///

25. As a result of the overwhelming number of calls, on or about October 2014, Plaintiff contacted Defendant via telephone and revoked any prior consent to be called by Defendant.  Despite this revocation of consent, Defendant continued to call Plaintiff's cellular telephone.

26. Due to the continued telephonic communications from Defendant, on or about December 2014, Plaintiff contacted Defendant via telephone and again revoked any consent to be called by Defendant.  Despite this second revocation, Defendant continued to call Plaintiff's cellular telephone.

27. In a third attempt to stop Defendant's calls, on or about January 2015, Plaintiff walked into one of Defendant's branches located in Apple Valley, CA, and spoke with "Delores," Defendant's representative, who made an inquiry on behalf of Plaintiff to have Defendant cease its collection calls.

28. Despite these numerous revocations of consent to be called, just in the six months between February and July of 2015, Defendant called Plaintiff's cellular telephone at least thirty-one (31) times.

29. Defendant used an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) to make its calls to Plaintiff seeking to collect the alleged debt allegedly owed by Plaintiff in conjunction with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

30. Plaintiff further alleges that Defendant utilized an ATDS due to the long silence between Plaintiff answering the telephonic communications in question and Defendant's response.  Such a delay is indicative of usage of an ATDS and/or a predictive dialer.

31. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

32. Defendant lacked "prior express consent" to utilize an ATDS or predictive dialer to contact Plaintiff on Plaintiff's cellular telephone.

///

33. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
34. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
35. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.
36. Through this conduct, Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.
37. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.
38. Through this conduct, Defendant violated Cal. Civ. Code §1788.11(d) by causing Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.
39. Through this conduct, Defendant violated Cal. Civ. Code §1788.11(e) by communicating with Plaintiff with such frequency by telephone as to be unreasonable and to constitute harassment.

///
///
///

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

42. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT II

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 Et Seq.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

///

///

## COUNT III

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- an award of statutory damages of $500.00, pursuant to 47 U.S.C. § 227(b)(3)(B), as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), against Defendant;

///

- an award of statutory damages of $1,500.00, pursuant to 47 U.S.C. § 227(b)(3)(C), as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), against Defendant;
- an award of injunctive award prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and,
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 20, 2015                                  Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
      MATTHEW M. LOKER, ESQ.
      ATTORNEY FOR PLAINTIFF